UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO. 5:09CR9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| GARY KYYON GRAY, | ) | |
|     Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon review of several *pro se* filings submitted by Defendant Gray. (Documents ##63,66-67) In his filings, Gray seeks immediate release from federal custody and dismissal of the Bill of Indictment based in part on alleged violations of the Speedy Trail[sic] Act, 18 U.S.C. §§3161, *et seq.*, and 3164. Defendant also requests imposition of sanctions against attorneys for both the government and defense.[1] Because Defendant is represented by counsel, his motions are not well-taken and are, therefore, subject to summary dismissal. *See* L.Cr.R. 47.1(H).[2]

**IT IS THEREFORE ORDERED** that Defendant's *Pro Se* Motions (Documents ##63, 66-67) are **DISMISSED without prejudice**.

Signed: August 27, 2009

Richard L. Voorhees
United States District Judge

---

[1] Defendant makes a single reference to 42 U.S.C. §1983 within Document #67. Beyond Gray's repetitive and conclusory assertions that his criminal prosecution and pretrial detention amount to a violation of the U.S. Constitution, Defendant fails to allege any facts in support of a civil cause of action pursuant to §1983.

[2] Local Criminal Rule 47.1(H), which governs Pro Se Motions Filed By Criminal Defendants Who Have Not Waived Their Right To Counsel, reads in part:

> "Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his ... right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver...."