# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:09-CR-00009-KDB-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **GARY KY-YON GRAY,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* "Motion for Transcripts at Government Expense" (Doc. No. 164), "Motion to Reduce Sentence for Compassionate Release" (Doc. No. 208), "Motion to Amend and Supplement Motion to Reduce Sentence for Compassionate Release and Correct a Clerical Error" (Doc. No. 219), and letter regarding the COVID-19 pandemic (Doc. No. 220). Having carefully reviewed Defendant's motions and all relevant portions of the record, the Court will grant Defendant's Motion to Amend, (Doc. No. 219), which is really a request that the Court "correct" a clerical error on his presentence report, and will deny the remaining motions as further discussed below.

## I. BACKGROUND

In March 2010, Defendant pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base. (Doc. Nos. 80, 106, 108). On December 20, 2010, the Court sentenced Defendant to 262 months of imprisonment plus five years of supervised release. (Doc. No. 154). Defendant's sentence was upheld on appeal in an unpublished decision by the Fourth Circuit. (Doc. No. 166). In January 2016, the Court reduced Defendant's sentence to 188 months of imprisonment pursuant to the Sentencing Commission's retroactive Amendment 782 and *Dorsey v. United States*, 567 U.S. 260 (2012), which held that defendants who committed

1

an offense before August 3, 2010 but were sentenced after that date are eligible to receive the benefits of the Fair Sentencing Act of 2010. (Doc. No. 206). Defendant is a 42-year-old male confined at FCI Yazoo City Medium in Mississippi, a medium security federal correctional institution. His projected release date is January 8, 2023.

## II. MOTION FOR TRANSCRIPTS

Defendant filed a motion on April 29, 2011 requesting Grand Jury Transcripts to assist him in his appeal. The Fourth Circuit affirmed Defendant's conviction in the fall of 2011, rendering Defendant's motion for transcripts to assist in his appeal moot. Accordingly, the Court will deny Defendant's motion for transcripts.

## III. MOTIONS FOR COMPASSIONATE RELEASE

In his motions titled "Motion to Reduce Sentence for Compassionate Release," Defendant requests that the Court enter an Amended Judgment reducing his term of supervised release from five years to four years.[1] (Doc. Nos. 207, 208). When the Court reduced Defendant's sentence under Amendment 782 and *Dorsey*, the Court properly reduced Defendant's term of imprisonment from 262 months to 188 months, however, it failed to reduce, or otherwise mention, Defendant's supervised release term. (Doc. No. 206). The Court has issued an Amended Judgment providing Defendant the full benefit of *Dorsey* by reducing his term of supervised release to four years. (Doc. No. 224). Thus, Defendant's motions for "compassionate release," to the extent that they request the Court to reduce his term of supervised release, are now moot since the Amended Judgment granted Defendant the relief he requests.

---

[1] Defendant submitted a motion for compassionate release on July 26, 2019 but failed to sign the motion. (Doc. No. 207). He refiled the exact same motion with a proper signature on August 5, 2019. (Doc. No. 208). Accordingly, the Court will rule on the properly signed motion and direct the clerk to terminate the unsigned motion.

Defendant's letter to the Court on April 27, 2020 mirrors many of the compassionate release motions this Court has received in the wake of COVID-19. In the letter, Defendant asks that the Court grant him "any relief this court deems appropriate" due to the ongoing COVID-19 pandemic and its presence in FCI Yazoo City Medium. The Court will construe this letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant does not assert that he has asked the warden to move for a sentence reduction on his behalf, which is ordinarily required, 18 U.S.C. § 3582(c)(1)(A), nor has he offered any explanation for why such exhaustion was not necessary in his case. The mere existence of COVID-19 in society and in BOP facilities is not enough to independently justify compassionate release. Defendant must also provide evidence showing that he suffers from a medical condition that would place him at a heightened risk for death due to COVID-19. *See, e.g.*, *United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release, in part, because inmate failed to provide medical records to substantiate medical claims). For these reasons, the Court will deny Defendant's request for compassionate release due to COVID-19 without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

IV. **MOTION TO AMEND AND SUPPLEMENT MOTION TO REDUCE SENTENCE FOR COMPASSIONATE RELEASE AND CORRECT A CLERICAL ERROR**

Lastly, in his "Motion to Amend and Supplement Motion for Compassionate Release and Motion to Correct a Clerical Error Pursuant to Fed. R. Crim. P. 36," Defendant asks that the Court correct what he claims to be a clerical error on his presentence report. Defendant states that he was

3

recently denied entry into the BOP's residential drug program because the BOP relied on a recommendation in his presentence report for a two-level firearm enhancement, which the Court did not adopt.

At sentencing, Defendant objected to the recommendation in the presentence report that Defendant receive a two-level enhancement for possession of a firearm. The Government indicated to the Court that it was not pursuing that enhancement, in large part because such an enhancement would affect his eligibility to participate in the drug treatment program and a possible one-year reduction in his sentence should he successfully complete the program. (Doc. No. 163: Sentencing Transcript, at 163) ("And your Honor, I think that part of the motivation, too, is that the firearms enhancement can affect his being able to be in the drug—drug treatment program and then get a one-year reduction. And it also may affect some of his privileges at BOP."). After hearing from counsel, the Court sustained the objection and did not apply the two-level enhancement as recommended by probation. The Court adjusted Defendant's offense level appropriately.

Defendant attaches the BOP's decision that Defendant is precluded from early release eligibility pursuant to 18 U.S.C. § 3621(e). The BOP stated that he was precluded because he "was assessed a 2 level weapon SOC enhancement, that was adopted by the Court." (Doc. No. 219-1, at 1). He also attaches portions from his sentencing transcript where the Court sustained his objection to the two-level firearm enhancement.

Federal Rule of Criminal Procedure 32(i)(3) states:

(3) **Court Determinations.** At sentencing, the court:

(A) may accept any undisputed portion of the presentence report as a finding of fact;

(B) must–for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because

4

> the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
>
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

The Fourth Circuit has stated that "[a]lthough the appending requirement [in Rule 32(i)(3)(C)] is ministerial in nature, it 'reduces the likelihood of later decisions being made on the basis of improper information' by providing 'a clear record of the disposition and resolution of controverted facts in the presentence report.'" *United States v. Miller*, 871 F.2d 488, 489 (4th Cir. 1989) (quoting *United States v. Eschweiler*, 782 F.2d 1385, 1387 (7th Cir. 1986)) (internal citations omitted). Appellate courts have determined that, if a district court fails to attach its findings, or if its attached findings fail to adequately clarify the court's determinations, then district courts may remedy this clerical error upon a Federal Rule of Criminal Procedure 36 motion. *United States v. Wach*, 907 F.2d 1038, 1040 (4th Cir. 1990); *see also United States v. Knockum*, 881 F.2d 730, 732 (9th Cir. 1989) (noting that Rule 36 is a "ready remedy" for a district court's failure to append findings on controverted matters to presentence reports).

This exact issue was presented before the United States District Court for the Northern District of West Virginia in *Carpenter v. United States*, No. 1:01CR14-3, 2006 U.S. Dist. LEXIS 31066 (N.D.W. Va. May 16, 2006). Just like Defendant in this case, the defendant in *Carpenter* requested the court amend his presentence report to reflect that he did not receive a sentencing enhancement for possession of a firearm because the BOP prohibited him from participating in the residential drug program due to the sentencing enhancement recommended in the presentence report. The court granted the defendant's motion to "correct" his presentence report and directed the probation officer to attach the court's Addendum to Judgment and Commitment Order and the Statement of

5

Reasons, which stated that the two-level enhancement was not adopted by the court, to the presentence report and provide the documents to the BOP.

In this case, the Court explicitly stated in the Statement of Reasons that the gun-enhancement at paragraph 30 in the presentence report did not apply. (Doc. No. 155, at 1). Inexplicably, however, the BOP must have not received a copy of the Statement of Reasons or overlooked the Court's comment. Accordingly, the BOP has mistakenly relied on a recommendation contained in the presentence report that the Court did not adopt in determining Defendant's status to participate in the residential drug program. This is exactly the type of harm that Federal Rules of Criminal Procedure 32 and 36 were designed to prevent. *Carpenter*, 2006 U.S. Dist. LEXIS 31066, at *21. Thus, the Court will grant Defendant's motion to "correct" his presentence report. The Court will direct the United States Probation Office to attach the Court's Statement of Reasons to the presentence report and provide those documents to the Bureau of Prisons.

## V. ORDER

**IT IS THEREFORE ORDERED** that Defendant's:

(1) "Motion for Transcripts at Government Expense," (Doc. No. 164), is **DENIED** as moot;

(2) "Motion for Compassionate Release," (Doc. No. 207), be **TERMINATED**;

(3) "Motion for Compassionate Release," (Doc. No. 208), is **DENIED** as moot;

(4) "Motion to Amend and Supplement Compassionate Release Motion," (Doc. No. 219), is **GRANTED** and the United States Probation Office is directed to attach the Court's Statement of Reasons, (Doc. No. 155), to the presentence report and provide these documents to the BOP; and

(5) letter regarding the COVID-19 pandemic, (Doc. No. 220), which the Court will construe as a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), is **DENIED** without

prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 15, 2020

Kenneth D. Bell
United States District Judge